Minnie Van Osdale, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Minnie Van Osdale, as administratrix of the estate of Ulysses G. Van Osdale, deceased, plaintiff, against Illinois Central Railroad Company, defendant, to recover damages for the wrongful death of her decedent. From a judgment for plaintiff for $1,650, defendant appeals.

KRAMER, KRAMER & CAMPBELL and R. H. WIECHERT, for appellant; JOHN G. DRENNAN, of counsel.

C. H. G. HEINFELDEN, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 740*—*when question for jury whether ordinance relating to speed and ringing of bell is violated.* In an action to recover damages for the death of a guest in an automobile struck by defendant's train, which was backing over a railroad crossing, evidence *held* to present a question for the jury as to whether the train was being operated at a speed in excess of 6 miles per hour in violation of ordinance, and whether the bell was continuously rung on approaching the crossing as required by ordinance.

2. RAILROADS, § 752*—*when contributory negligence of occupant of automobile struck by train is question for jury.* In an action to recover damages for the death of a guest in an automobile struck

─────────────────────────

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by defendant's train, which was backing eastwardly over a track customarily used for westbound traffic, evidence that the automobile on approaching the track was traveling at a speed of 12 or 13 miles per hour; that when half a block from the track the driver of the car looked in both directions, but saw no train; that at a distance of 150 feet the track was visible for a distance of 600 or 700 feet; that the train was being operated at a prohibited rate of speed and that the bell was not continuously rung as required by ordinance, presented a question for the jury on decedent's negligence, even assuming that decedent and the driver of the car were engaged in a common enterprise, rendering the driver's negligence imputable to decedent.

---

# Anton Vogt, Appellee, v. Southern Coal, Coke & Mining Company, Appellant.

1. MASTER AND SERVANT, § 709*—*when negligence in failing to provide reasonably safe tools and appliances is question for jury.* In an action for injuries to a machinist's helper, caused by the rebounding of a wedge upon being struck by a sledge hammer wielded by plaintiff, evidence that the wedge was not equipped with a handle and the danger of its rebounding was increased by the elasticity of the metal upon which it was being used, coupled with evidence of other practicable and safer methods of doing the work, presented a question for the jury as to defendant's negligence in failing to furnish reasonably safe tools and appliances for doing the work.

2. WORKMEN'S COMPENSATION ACT, § 2*—*what is effect of rejection of act by employer engaged in extrahazardous employment.* A machinist's helper or "top man" in a mine, injured by the rebounding of a wedge while repairing a hoisting engine used in raising coal from defendant's mine, is engaged in extrahazardous employment of mining within the Workmen's Compensation Act, and hence where the employer rejected the act it is deprived of the defenses of contributory negligence, assumed risk and fellow-servant relation.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when defense of assumed risk may not be interposed by employer rejecting.* The defense of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.